227 F.2d 533
 Eli B. CASTLEMAN, Marion V. Castleman, Louis Feuerman, Julius November, Eleanor November, and Bernard Reich, Appellants,
v.
Howard R. HUGHES, RKO Pictures Corporation, RKO Radio Pictures, Inc., The Chase National Bank of the City of New York, Eli B. Castleman, Marion V. Castleman and Louis Feuerman, Appellees.
 No. 14573.
 United States Court of Appeals Ninth Circuit.
 November 3, 1955.
 
 Bernard Reich, Kenneth N. Chantry, Beverly Hills, Cal., for appellant.
 Robert Silver, Samuel De Groot, Beverly Hills, Cal., Louis Kipnis, Leo B. Mittelman, New York City, for Castleman & Feuerman.
 Roy W. McDonald, Donovan, Leisure, Newton & Irvine, New York City, Guy Knupp, Mitchell, Silberberg & Knupp, Sidney P. Howell, Jr., Los Angeles, Cal., for appellee, RKO Pictures, Inc.
 Thomas A. Slack, Raymond A. Cook, Houston, Tex., Roy W. McDonald, New York City, for appellees.
 Before HEALY and FEE, Circuit Judges, and WALSH, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of dismissal and from an order denying motions of appellant Bernard Reich, Esq., that the court determine and enter judgments in his favor for attorney's fees and costs as against certain of the parties.
 
 
 2
 The suit is, or was, one of several shareholders' derivative suits brought in both state and federal courts throughout the United States alleging damage to RKO Pictures Corporation through asserted mismanagement on the part of its corporate officers, mainly Howard R. Hughes. For an account of the events giving rise to the litigation consult Schiff v. RKO Pictures Corp., Del.Ch., 104 A.2d 267. The validity of a sale to Hughes of all the assets of that corporation, including all causes of action held by it against any person, including Hughes, had prior to the decision below been upheld by the Delaware Chancery Court in the above cited case, rendering the present action moot. Also prior to the decision a suit involving the same issues here presented had gone to judgment in a Nevada state court. The court below held, and we agree, that the Nevada judgment is to be given the effect of res judicata.[1] There was no error in dismissing the suit.
 
 
 3
 What remains to be considered is the contention of Reich that the court erred in denying his motions to award him attorney's fees and costs for services in the suit. Reich had been employed by Louis Kipnis, a New York attorney, to file a "standby" suit in the Southern District of California on behalf of Eli and Marion Castleman as shareholders of RKO. The Castlemans were clients of Kipnis. Some eight days after the institution of this suit the Castlemans, through Kipnis as their counsel, brought the above-mentioned suit in the Nevada state court. Some months later on Kipnis discharged Reich, or tried to.[2] In the Nevada action Kipnis was recipient of an award of attorney's fees for services on behalf of the Castlemans as RKO shareholders. The Nevada court ruled that no counsel representing the Castlemans in actions elsewhere were to be entitled to any fee other than that allowed by it.
 
 
 4
 In this posture of affairs we see no error or abuse of discretion in the court's relegating Reich to his remedy against his employer Kipnis — a remedy now admittedly being pursued by Reich in the New York courts.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Reich argues that the Nevada action was collusive, but the record does not bear out his contention
 
 
 [2]
 Reich appears to have acquired two clients of his own, namely, Julius November and Eleanor November, whose names appear as appellants in the caption on this appeal. Through Reich the Novembers, asserting that they were stockholders in RKO, moved for leave to intervene in the suit below. Their motion was not acted upon but was taken under consideration along with the motion to dismiss the suit. As already appears, the motion to dismiss was granted, so that the Novembers at no time became parties to the cause